NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                              :     Chapter 7
In re:                                                        :
                                                              :     Case No. 20-35636   (CGM)
    Charles Littleton Sessoms,                             :
                                                              :
                       Debtor.            :
                                                              :
-----------------------------------------------------------X

-----------------------------------------------------------X
Leslie Renard Freeman,                                        :
                                                              :
                                                              :     Adv. No. 21-09006 (CGM)
                       Plaintiff,         :
                                                              :
v.                                                            :
                                                              :
Charles Littleton Sessoms                                     :
                       Defendant          :
-----------------------------------------------------------X

**MEMORANDUM DECISION AFTER TRIAL DENYING PLAINTIFF'S REQUEST
TO DEEM ITS DEBT NONDISCHARGEABLE UNDER § 523(a)(2)(A)**

**A P P E A R A N C E S:**

MICHAEL BRODLEIB
Schlam Stone & Dolan LLP
26 Broadway, New York, NY 10004
Attorneys for Plaintiff

CHARLES LITTLETON SESSOMS, pro se

**CECELIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE**

       The plaintiff, Leslie Renard Freeman ("Freeman" or "Plaintiff"), commenced this

adversary proceeding against Charles Littleton Sessoms ("Debtor") seeking a determination of

the dischargeability of debt under 11 U.S.C. § 523(a)(2)(A).  The Court conducted a trial on

March 29, 2022. For the reasons stated below, the Court holds that the debts owed to Freeman are not excepted from discharge under § 523(a)(2)(A).

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

## Background

On January 16, 2020, Charles Sessoms ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On February 15, 2021, Freeman filed this adversary proceeding seeking a determination that debt owed to him is non-dischargeable under § 523(a)(2)(A) for monies obtained by false pretenses, false representation, or actual fraud. Freeman alleges that he loaned Nexus Health LLC ("Nexus") money and was never repaid. Compl., ¶ 1, ECF No. 1.[1] Nexus was a company managed by Debtor. Compl., ¶ 15; Answer, ¶ 15, ECF No. 4.

Freeman argues that sometime in 2010, his financial advisor, Anthony Epps, approached him about an investment opportunity in Nexus. Compl., ¶ 16–17. Freeman states that he loaned Nexus $50,000 with a repayment date of March 31, 2011, along with $7,500 in interest. Compl., ¶ 19. Freeman alleges that the Debtor and another principal of Nexus, Michael Johnson ("Johnson"), personally guaranteed the loan. Compl., ¶ 1. Debtor denies signing any loan agreement guaranteeing the obligations of Nexus. Answer ¶ 2. Only Johnson signed the loan agreement. Compl., ¶ 20.

---

[1] Unless otherwise specified, references to this Court's electronic docket ("ECF") are to the docket of adversary proceeding, 21-09006-cgm.

Freeman received payment of only $5,000 toward the balance of the loan. Compl., ¶ 23. Based on these allegations, Freeman sued the Debtor in the Supreme Court of the State of New York ("State Lawsuit") on November 10, 2014. Compl., ¶ 4. The State Lawsuit was stayed upon Sessoms filing for bankruptcy.

On February 25, 2022, the Court signed Freemon's Pre-Trial Order.[2] At issue is whether the money loaned to Nexus by Freeman is non-dischargeable under § 523(a)(2)(A) for monies obtained by false pretenses, false representation, or actual fraud. On March 29, 2022, the Court conducted an in-person trial. Freeman presented his case through his own testimony and the Debtor offered limited testimony. For the reasons stated below, This Court finds that Freeman has failed to demonstrate by a preponderance of the evidence that the loan should be excepted from discharge under § 523(a)(2)(A).

## Discussion

### I. 11 U.S.C. § 523(a)(2)(A)

Section 523(a)(2)(A) provides that an individual debtor will not be discharged from any debt for money by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). False pretenses, a false representation, and actual fraud are three distinct concepts each sufficient to deny a debtor a discharge. *In re Chase*, 372 B.R. 133, 136 (Bankr. S.D.N.Y. 2007) (cleaned up). In a non-dischargeability action, the plaintiff must prove his case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

---

[2] Sessoms failed to confer with Freemon, and this Court directed Freemon to submit a Pre-Trial Order without Debtor's signature.

In his complaint, Freeman seeks to have his debt deemed non-dischargeable under any of the three provisions of § 523(a)(2)(A). Compl., ¶ 28. The Court will first examine whether Freeman has proven his case under false pretenses.

i. **False Pretenses**

False pretense is a "conscious deceptive or misleading conduct calculated to obtain, or deprive, another of property." *Gentry v. Kovler* (*In re Kovler*), 249 B.R. 238, 261 (Bankr. S.D.N.Y. 2000). A false pretense conveys an impression without an oral representation. *In re Chase*, 372 B.R. 133, 136 (Bankr. S.D.N.Y. 2007). To establish false pretenses, the plaintiff must show "(1) an implied misrepresentation or conduct by the defendant; (2) promoted knowingly and willingly by the defendant; (3) creating a contrived and misleading understanding of the transaction on the part of the plaintiff; (4) which wrongfully induced the plaintiff to advance money, property or credit to the defendant." *Id.* (citing *In re Dobrayel*, 287 B.R. 3, 13 (Bankr. S.D.N.Y. 2002)).

Freeman has not shown that the Debtor obtained his money through false pretenses. Freeman did not show that the Debtor made implied misrepresentations. Rather, at trial Freeman pointed to a single meeting where Freeman allegedly made an oral representation that he would guarantee Freeman's debt. Freeman also pointed to an unsigned loan agreement where the Debtor promised to personally guarantee the debt. Oral and written statements are not actionable as false pretenses under § 523(a)(2)(A). *In re Chase*, 372 B.R. 133, 136 (Bankr. S.D.N.Y. 2007). These alleged misrepresentations are potentially liable under the "false representation" and "actual fraud" prongs of § 523(a)(2)(A). The debt cannot be deemed non-dischargeable under the "false pretenses" prong of § 523(a)(2)(A).

ii. **False Representation**

A false representation occurs when the defendant "(1) [makes] a false or misleading statement; (2) with the intent to deceive; and (3) in order for the plaintiff to turn over money to the defendant." *In re Chase*, 372 B.R. at 137. The plaintiff must also show that he justifiably relied on the representation. *In re Gonzalez*, 241 B.R. 67, 71 (Bankr. S.D.N.Y. 1999).

At trial, Freeman testified that the Debtor made an oral representation that he would personally guarantee Freeman's debt. There was no dispute that Freeman never provided a written personal guaranty. He never signed the loan document agreeing to personally guarantee the debt. The Court did not hear any evidence that the oral statement was false when made or that it was made with the intent to deceive.

It is undisputed that Sessoms did not execute a personal guarantee of Nexus's obligations. Joint Pre-Trial Order, ECF No. 24. Thus, Plaintiff concedes that his non-dischargeable claim is one based on fraud—and not on contract. Under contract law, the Plaintiff has no remedy because Sessoms never signed a personal guarantee on behalf of his principal—Nexus. Generally, an agent is not personally liable for the obligations of his principal. *Ashkir v. Wilson*, No. 98 Civ. 2632, 1999 WL 710788, at *9 (S.D.N.Y. Sept. 13, 1999). This principle is "based upon New York's Statue of Frauds, which requires 'all promises to answer for the debt . . . of another person . . . to be in writing and subscribed by the party to be charged.'" *Id.* (citing N.Y. Gen. Oblig. Law § 5–701(a)(2)). "One who undertakes to guarantee a debt impliedly represents that he intends to perform his obligation if called upon to do so." *In re Rieder*, 178 B.R. 373, 377 (Bankr. S.D.N.Y. 1995). A guarantee is enforceable as long as it is signed by the guarantor. *European American Bank & Trust Co. V. Boyd*, 516 N.Y.S.2d 714, 716 (2d Dep't 1987).

Here, the Plaintiff has dressed up his claim as one based on fraud. A plaintiff "cannot avoid the Statute of Frauds by arguing that the alleged oral promise was a misrepresentation of

fact and that their claim is based on fraud." *Nelso Bagel Co. v. Moshcorn Realty Corp.*, 734 N.Y.S.2d 134, 135 (App. Div. 1st Dep't 2001).  Rather, "[w]hatever the form of the action at law may be, if the proof of a promise or contract, void by Statue of Frauds is essential to maintain it, there can be no recovery." *Lilling v. Slauenwhite*, 535 N.Y.S.2d 428, 430 (App. Div. 2d Dep't 1988) (*quoting Dung. v. Parker*, 52 N.Y. 494, 496 (1873)).  In this case, the alleged oral promise was void by the Statute of Frauds because Sessoms never signed the personal guarantee. Plaintiff cannot avoid the Statue of Frauds by bringing a fraud claim.

Freeman also did not establish that he justifiably relied on the Debtor's statements. Freeman stated that he was initially hesitant to invest in Nexus.  His concerns were allayed by Sessoms allegedly stating that he would personally guarantee the debt.  Freeman stated that he would not have made the investment had Sessoms never told him that he would personally guarantee the loan.  After the meeting, Freeman invested $50,000 with Nexus.

In *Field v. Mans*, the Supreme Court stated that "[a]lthough the plaintiff's reliance on the misrepresentation must be justifiable. . . this does not mean that his conduct must conform to the standard of the reasonable man.  Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases." 516 U.S. 59, 70–71 (1995) (cleaned up).

While the Supreme Court lowered the standard from reasonable reliance to justifiable reliance, the Plaintiff still fails to meet the lower standard.  When there is no valid agreement, "it cannot be said that plaintiff justifiably relied on—or was caused any injury by—any statements made by defendant." *Hill v. Coates*, 911 N.Y.S.2d 294, 295 (App. Div. 1st Dep't 2010) (*citing Laub v. Faessel*, 297 745 N.Y.S.2d 534 (App. Div. 1st Dep't 2002).  In this case there was no

valid agreement for the Debtor to personally guarantee the debt. Thus, Plaintiff cannot show justifiable reliance.

   iii. **Actual Fraud**

Actual fraud "generally requires proving the 'five fingers of fraud.'" *In re Dobrayel*, 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002). The five fingers require that:

1. The debtor made a false representation;
2. The debtor knew the representation was false at the time it was made;
3. The debtor made the false representation with the intent to deceive the creditor;
4. The creditor justifiably relied on the representation; and
5. The creditor sustained a loss that was proximately caused by the false representation.

*In re Macias*, 324 B.R. 181, 187 (Bankr. E.D.N.Y. 2004). As stated above, the Court did not hear any evidence that the statement was false when made or that it was made with the intent to deceive. Similarly, Freeman has not established justifiable reliance as there was no valid agreement. The Court holds that this debt cannot be excepted from discharge under the "actual fraud" prong of § 523(a)(2)(A).

**II. Conclusion**

For the foregoing reasons, the Court holds that Plaintiff's debt is not excepted from discharge under § 523(a)(2)(A). Nonetheless, the Court has denied the Debtor's discharge under §§ 727(a)(2)(A) and 727(a)(4)(A). *See* Adv. No. 21-09005-cgm. The Plaintiff shall submit a proposed order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: June 6, 2022**
**Poughkeepsie, New York**

**/s/ Cecelia G. Morris**
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**